# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No. 14-60426 |
| | Chapter 7 |
| James E. Hennessy and | |
| Amy M. Hennessy, | MEMORANDUM OPINION |
| | AND |
| Debtors. | ORDER |

_____

At Minneapolis, Minnesota, January 16, 2015.

This matter came on for hearing before the Court on October 29, 2014, upon the chapter 7 Trustee's Motion to Compel the Turnover of Estate Property, and the Debtors' response thereto. After some discussion, the Court allowed the parties, in their discretion, to submit supplemental briefing. Both parties did so and the Court took the matter under advisement. The matter is now ready for disposition.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (E); this Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334. The motion arises under 11 U.S.C. §§ 521 and 542. This motion is filed under Fed. R. Bankr. P. 9014 and Local Rule 6072-1. For the reasons set forth below, the Court will deny the Trustee's motion.

## Background[1]

The Debtors, James and Amy Hennessy, filed for relief under chapter 7 of the Bankruptcy Code on July 11, 2014.[2] Debtor James Hennessy listed in Schedule B[3] an asset

---

[1] The underlying facts are undisputed.

[2] The Debtors received their discharge on Jan. 7, 2015. *See* ECF No. 26.

[3] James Hennessy disclosed the asset on both Schedule B and an amended Schedule B, filed on Sept. 4, 2014. *See* ECF No. 1 (q. 12) and ECF No. 12 (q. 12).

1

described as a "529 plan funded by his mother over 10 years ago $10,000 x 2 excluded from bankruptcy estate 541(B)(6)"[4] (the "529 plans" or "529 accounts"). The 529 plans were not funded by James Hennessy; he inherited the plans from his mother, Elizabeth Hennessy, who funded the plans a decade ago.[5]

The American Funds accounts nos. 8926 and 8928 identify Elizabeth Hennessy, Mr. Hennessy's deceased mother, as the owner of account no. 8926, which has a beneficiary of K.H., and account no. 8928, which lists D.H. as the beneficiary; K.H. and D.H. are the Debtors' two minor children.[6] The balance in these accounts as of June 30, 2014 was $23,445.76. Mr. Hennessy listed these accounts on Schedule B, claiming ownership of the inherited 529 accounts. The accounts are not the subject of any lien interest and are not claimed as exempt on

---

[4] *See* 11 U.S.C. § 541(b)(6) ("Property of the estate does not include . . . (6) funds used to purchase a tuition credit or certificate or contributed to an account in accordance with section 529(b)(1)(A) of the Internal Revenue Code of 1986 under a qualified State tuition program (as defined in section 529(b)(1) of such Code) not later than 365 days before the date of the filing of the petition in a case under this title, but--(A) only if the designated beneficiary of the amounts paid or contributed to such tuition program was a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year for which funds were paid or contributed; (B) with respect to the aggregate amount paid or contributed to such program having the same designated beneficiary, only so much of such amount as does not exceed the total contributions permitted under section 529(b)(6) of such Code with respect to such beneficiary, as adjusted beginning on the date of the filing of the petition in a case under this title by the annual increase or decrease (rounded to the nearest tenth of 1 percent) in the education expenditure category of the Consumer Price Index prepared by the Department of Labor; and (C) in the case of funds paid or contributed to such program having the same designated beneficiary not earlier than 720 days nor later than 365 days before such date, only so much of such funds as does not exceed $6,225[.]").

[5] According to Elizabeth Hennessy's will, James Hennessy was the sole heir of her estate, as Elizabeth's husband had predeceased her. Pursuant to Section 529 of the Internal Revenue Code, Minnesota established its college savings plan. The rules governing its plan are set forth by statute. *See* Minn. Stat. §§ 136G.01–136G.14.

[6] According to the trustee, the Debtors list their minor children as dependents on their tax returns.

2

Schedule C.

The Trustee requests that the Court order turnover of the balance in both accounts as property of the estate to be administered by him. The Debtors resist, claiming that the inherited 529 plans are not property of the estate, and therefore not subject to turnover. Specifically, the Trustee relies on *Clark v. Rameker*, 134 S. Ct. 2242 (2014), which dealt with an objection to exemption question under 11 U.S.C. § 522. The Debtors believe that *Clark* is not applicable to questions of estate property under 11 U.S.C. § 541. The Debtors do not believe that the 529 plans owned by Mr. Hennessy for the benefit of D.H. and K.H., his minor children, are part of this bankruptcy estate pursuant to 11 U.S.C. § 541(b)(6).

## Discussion

"Section 541(b)(6), added by [the] BAPCPA, expressly excludes, with certain exceptions, Section 529 accounts from property of the estate." *Addison v. Seaver (In re Addison)*, 540 F.3d 805, 820 (8th Cir. 2008). This exception to property of the estate did not exist prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.[7] *See In re Quackenbush*, 339 B.R. 845, 848 (Bankr. S.D.N.Y. 2006) ("[I]t does not appear that the Bankruptcy Code, as it existed prior to October 17, 2005[,] provided any rationale for excluding [Section 529 accounts] from property of the estate."); *In re Sanchez*, No. 05-48721, 2006 WL 395225, at *1 n.1 (Bankr. D. Mass. Feb. 14, 2006) ("There is no basis for determining that funds deposited into a Section 529 Plan are excluded from property of the estate prior to the recent amendments to the Bankruptcy Code."). But § 541(a)(1), which was left

---

[7] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (2005).

unchanged by the BAPCPA, states that "[e]xcept as provided in subsections (b) and (c)(2) of this section" a debtor's bankruptcy estate is comprised of "all legal or equitable interest of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). It appears from the documentation in this case that Mr. Hennessy had a legal and equitable interest in the 529 plans to the extent that he was the successor owner of the plans. As the owner of the plans, Mr. Hennessy–exclusively– would be able to make decisions regarding each account, including receiving a refund, withdrawing from the account, changing either account's investments, and changing the beneficiary. *See* Ex. A to the Debtors' Response to Turnover Motion.[8]

Here, it is undisputed that James Hennessy is the owner of the two 529 accounts. Thus, Mr. Hennessy "retained a legal and equitable interest in the Section 529 accounts. Therefore, the accounts are property of his bankruptcy estate unless they are excluded from the estate under either 11 U.S.C. § 541(b) or (c)(2)." *In re Addison*, 540 F.3d at 819–20 (citing 11 U.S.C. § 541(a)(1)).

In *Addison*, the debtor had listed the Section 529 accounts, which he had established for

---

[8] Section 529(c) of the Internal Revenue Code of 1986, which deals with tax treatment of designated beneficiaries and contributors of Section 529 accounts, provides that "[a]ny contribution to a qualified tuition program on behalf of any designated beneficiary . . . shall be treated as a completed gift to such beneficiary which is not a future interest in property." 26 U.S.C. § 529(c). *See Taylor v. Taylor*, No. 3:12-CV-0037 (LEK/DEP), 2013 WL 1183290, at *4 (N.D.N.Y. Mar. 21, 2013) ("[S]everal courts have held, at least in the bankruptcy context, that although 529 plans are treated as gifts for purposes of federal gift tax, the accounts remain the property of the account holder, who has full access to withdraw funds, change the account beneficiary, and so forth, and not the property of the beneficiary." (citing *Addison v. Seaver (In re Addison)*, 540 F.3d 805, 819–20 (8th Cir. 2008); *In re Bronk*, 444 B.R. 902, 918–25 (Bankr. W.D. Wis. 2011); *In re Bourguignon*, 416 B.R. 745, 749–51 (Bankr. D. Idaho 2009); *In re Quackenbush*, 339 B.R. 845, 852–53 (Bankr. S.D. N.Y. 2006) (holding that a Uniform Gift to Minors Act account was property of donee debtor); *In re Altchek*, 124 B.R. 944, 958 (Bankr. S.D.N.Y. 1991) (holding that a Uniform Gift to Minors Act account was not property of donor debtor))).

his children, in his bankruptcy schedules with a notation that he believed that the accounts were owned by his children, and thus not property of his bankruptcy estate. But to be safe, and in case the accounts were determined to be property of the estate, the debtor also claimed them as exempt under Minn. Stat. § 136G.09, subd. 12, which provides:

> All assets of the plan, including contributions to accounts and matching grant accounts and earnings, are held in trust for the exclusive benefit of account owners and beneficiaries. Assets must be held in a separate account in the state treasury to be known as the Minnesota college savings plan account or in accounts with the third-party provider selected pursuant to section 136G.05, subdivision 8. Plan assets are not subject to claims by creditors of the state, are not part of the general fund, and are not subject to appropriation by the state. Payments from the Minnesota college savings plan account shall be made under sections 136G.01 to 136G.13.

Minn. Stat. § 136G.09, subd. 12. The Eighth Circuit concluded that the 529 accounts were nonexempt property of the debtor's estate. *In re Addison*, 540 F.3d at 819. Notably, however, the Eighth Circuit found that "because [the debtor] filed his bankruptcy petition on October 14, 2005–three days before § 541(b)(6) became effective–§ 541(b)(6) does not apply to his case. As no applicable provision in § 541(b) or (c)(2) excludes Section 529 accounts from property of the estate, the accounts [we]re property of Addison's bankruptcy estate." *Id*. at 820 (footnote omitted). The Eighth Circuit intimated, however, on facts that are somewhat similar to those here, that the result in *Addison* may have been different had the debtor qualified for the § 541(b)(6) exclusion. In other words, Mr. Addison may have been able to exclude the 529 accounts in his case if the BAPCPA amendment to § 541(b)(6) had been in effect.

Here, like the debtor in *Addison*, Mr. Hennessy is the owner of the accounts in question. Also, like in *Addison*, the designated beneficiaries of the accounts were the debtor's children. Unlike this case, however, the 529 plans in *Addison* were not inherited plans, i.e., Mr. Addison

5

himself had established the 529 accounts for his children.  Here, Mr. Hennessy inherited the accounts from his deceased mother, albeit for the benefit of her grandchildren.  This inheritance issue adds a potential wrinkle to the Court's analysis–in light of the Supreme Court's recent decision in *Clark v. Rameker*, 134 S. Ct. 2242 (2014).

The Supreme Court in *Clark v. Rameker* held that funds held in an individual retirement account ("IRA") that a chapter 7 debtor inherited from his late mother were not retirement funds, as that term was used for bankruptcy exemption purposes.  *Id.* at 2246.  The question regarding the exemption arose because the inherited IRA was part of the bankruptcy estate pursuant to § 541(a)(1).  The question presented in *Clark* was whether funds contained in an inherited individual retirement account qualified as "retirement funds" within the meaning of 11 U.S.C. § 522(b)(3)(C).  The Court explained:

> In ordinary usage, to speak of a person's "retirement funds" implies that the funds are currently in an account set aside for retirement, not that they were set aside for that purpose at some prior date by an entirely different person.  Under petitioners' contrary logic, if an individual withdraws money from a traditional IRA and gives it to a friend who then deposits it into a checking account, that money should be forever deemed "retirement funds" because it was originally set aside for retirement.  That is plainly incorrect.

*Id*. at 2248.  On the question of whether an inherited IRA was exempt, the Court focused significant attention on how the character of the IRA changed once it was inherited, e.g., an inherited one can be withdrawn without penalty, and indeed, the heir is required to take distributions.  *Id*. at 2245–46.  Further, the heir is prohibited from making any contributions to an inherited IRA.  *Id*.  As such, the Court "concluded that inherited IRAs represent an opportunity for current consumption, not a fund for retirement savings." *Id*. at 2246 (internal quotation omitted).  Thus, the Court disallowed the retirement exemption for an inherited IRA because it

found that an inherited IRA was in fact not for the retirement *of the heir*.

The Trustee believes that *Clark* is analogous to this case because in both cases, the debtor did not fund the investment in question, yet had access to those funds on the date of filing. The question before the Court in this case is, however, decidedly different. The question at bar is not whether the 529 plans are exempt; rather, are such plans excluded from Mr. Hennessy's bankruptcy estate under § 541(b)(6)?

To answer that question, closer scrutiny of § 541(b)(6) is necessary. To exclude a 529 plan under § 541(b)(6), the debtor must satisfy two threshold elements before addressing the size and timing of the contribution(s): the funds must in fact be contributed to a qualified 529 plan; and the designated beneficiary of the contribution(s) must be a child, stepchild, grandchild, or stepgrandchild of the debtor for the taxable year of the contribution. 11 U.S.C. § 541(b)(6)(A), (B). Once these threshold elements are met, there are limitations imposed on the size and timing of the contributions by § 541(b)(6)(C), i.e., for the exclusion to apply under § 541(b)(6). 11 U.S.C. § 541(b)(6)(C). The Court in *In re Bourguignon*, 416 B.R. 745 (Bankr. D. Idaho 2009), explained the size and timing limitations as follows:

> The natural reading of §541(b)(6) provides an exclusion from property of the estate for 529 accounts on a sliding scale. Assuming the qualifying conditions of §541(b)(6)(A) and (B) are met, any such contributions made to a 529 account more than 720 days prior to bankruptcy are fully excluded from property of the estate. Such contributions made between 365 and 720 days prior to bankruptcy are excluded from property of the estate to the extent below $5,475,[9] but any such contributions over $5,475 in that same time frame remain property of the estate. Any amounts contributed within a year of bankruptcy are not excluded at all from property of the estate.

*In re Bourguignon*, 416 B.R. 745, 752–53 (Bankr. D. Idaho 2009) (footnote added). The Court

---

[9] Per 11 U.S.C. § 104, this amount is now $6,225.

Case 14-60426    Doc 29    Filed 01/16/15    Entered 01/16/15 10:51:26    Desc Main
                         Document      Page 8 of 9

finds this interpretation of the statute reasonable.

The court in *Bourguignon* dealt with the issue of whether contributions made by the debtor and his mother in the two weeks prior to filing were property of the bankruptcy estate. Although the funds had been contributed to a qualified 529 plan on behalf of the debtor's child, the contributions were made just two weeks pre-petition, such that the funds were part of the bankruptcy estate. *Id.* at 754. The court also addressed the question of whether the $40,000.00 contributed by the debtor's mother during the same two-week period was property of the bankruptcy estate. The court stated that "Section 541(b)(6) makes certain funds contributed into a 529 account property of the estate and excludes others, but that distinction is based on the timing of contribution, not the *source* of the contribution." *Id*. (emphasis added). Thus, the $40,000.00 contributed by the debtor's mother was deemed part of his bankruptcy estate and was available for administration on behalf of the debtor's creditors. *Id*.

Although Mr. Hennessy is the successor owner of the 529 plans established by his mother, it is clear that the plans satisfy all of the requisite elements of § 541(b)(6). The two plan accounts are qualified 529 accounts through American Funds. The designated beneficiaries are Mr. Hennessy's children. Finally, both plans had a single contribution of $10,000 each made more than 720 days prior to filing; Mr. Hennessy's mother funded the plans for her grandchildren, Mr. Hennessy's children, a decade ago. Therefore, both plans are excluded from the estate.

Unlike the situation in *Clark v. Rameker*, an inherited 529 plan is distinguishable from an inherited IRA because the heir possesses no rights different from those of the settlor. Unlike an inherited IRA, which is an opportunity for consumption, an inherited 529 plan is meant to serve

the same purpose whether owned by the settlor or the heir.  The Trustee's reliance on *Clark v. Rameker* is therefore misplaced.  Since the 529 accounts at issue in this case satisfy all of the elements of § 541(b)(6), there are excluded from this bankruptcy estate.

## Conclusion

In this case, the 529 accounts now owned by Mr. Hennessy, were qualified 529 accounts established by Elizabeth Hennessy, his mother, for the benefit of her grandchildren, i.e., Mr. Hennessy's children.  And when Elizabeth Hennessy passed away, Mr. Hennessy inherited the accounts from his mother as her sole heir; the fundamental character of the qualified 529 plans, established for the benefit of the Debtors' children, remains unchanged.  As such, they qualify for exclusion–in their entirety–from this bankruptcy estate under § 541(b)(6).

Accordingly,

**IT IS ORDERED:**

1. The Trustee's motion to compel turnover is DENIED.

2. The Trustee's request for an award of $300.00 in attorney's fees is DENIED.

*/e/ Michael E. Ridgway*
Michael E. Ridgway
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 01/16/2015
Lori Vosejpka, Clerk, by MJS